UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK SESSA,

          Plaintiff,

vs.                                                  Case No. 8:04-cv-1559-T-24MSS

REINAUER TRANSPORTATION
COMPANIES, LLC,

          Defendant.
_____/

## ORDER

This cause comes on for consideration upon the filing of Defendant's Motion for Order Compelling Plaintiff to Execute Authorization for Release of Records of Plaintiff's Psychiatrist (Dkt. 38) and Plaintiff's Response (Dkt. 44).

Plaintiff brought suit seeking damages from Defendant for negligence, unseaworthiness, maintenance and cure and retaliatory discharge under the Jones Act, 46 U.S.C. App. § 688, and the general maritime laws of the United States after Plaintiff allegedly fell from a ladder (Dkt. 29).

Defendant now asserts that Plaintiff's psychiatric records from treating psychiatrist, Hardeep Singh, M.D., are not privileged because Plaintiff testified that he does not participate in psychotherapy but, rather, sees Dr. Singh for the purpose of receiving medication. Defendant further asserts that even if Dr. Singh's records are privileged, Plaintiff has waived that privilege by placing his emotional and/or mental health at issue in this law suit. Defendant asserts that Plaintiff has placed his emotional and/or mental health at issue by (1) asserting a claim for compensatory damages for, among other things, loss of enjoyment of life; (2) listing Dr. Singh in Plaintiff's interrogatory

responses as a witness believed to have knowledge or information relevant to the subject matter of the lawsuit and stating that Dr. Singh changed Plaintiff's medication after the injury due to "an exacerbation of his depression due to the injuries sustained which are the subject of this case;" (3) identifying Dr. Singh in Plaintiff's interrogatory responses as a witness that Plaintiff intends to call at trial; and (4) stating in Plaintiff's interrogatory responses that Dr. Singh prescribed Paxil and Zoloft for depression. Defendant claims that Plaintiff's allegations exceed a "garden variety" claim for emotional distress damages and, therefore, that his psychiatric records are discoverable.

Plaintiff responds that Dr. Singh's records are privileged and that he has not placed his mental health at issue by claiming "damages for mental anguish or garden [variety] emotional distress" (Dkt. 44). In support, Plaintiff states that he is withdrawing Dr. Singh as a witness in this case in light of Plaintiff's deposition testimony that his depression was not affected by his physical injury. Plaintiff states that he will not call either a psychiatrist or a psychologist as a witness at trial. Rather, Plaintiff states that he will present testimony by himself and, perhaps, Dr. Chet Janecki, M.D., regarding the level of pain he sustained from his accident.

As Plaintiff's claims were filed pursuant to Federal law, Federal law governs the question of whether Plaintiff's psychiatric records are privileged and whether Plaintiff has waived any such privilege. Hancock v. Hobbs. 967 F.2d 462, 467 (11th Cir. 1992)(finding that the federal law of privilege applies where the court's jurisdiction is pursuant to federal question); Vinson v. Humana, Inc., 190 F.R.D. 624, 626 (M.D. Fla. 1999). Federal common law recognizes a psychotherapist-patient privilege. Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 1931, 135 L.Ed.2d 337 (1996). Confidential communications between a patient and a psychotherapist "in the course of diagnosis *or treatment*" are protected communications. Id. (emphasis added); Jane Student 1 v. Williams, 206

F.R.D. 306, 310 (S.D. Ala. 2002); see also Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 558 (N.D. Ga. 2001)(stating that the psychotherapist-patient privilege extends only to communications between the patient and the therapist but not to billing statements, dates of treatment or general medical records); Vinson, 190 F.R.D. at 627 (finding that any information that does not "reveal the substance of a client's confidential communications with a therapist" is not protected by the psychotherapist-patient privilege).

Here, Defendant has not requested that Plaintiff produce specific categories of requested documents. Rather, Defendant has requested that Plaintiff sign a general waiver for Dr. Singh's records. Defendant asserts that Dr. Singh's records are not privileged because Plaintiff testified in his deposition that he does not participate in psychotherapy. Without having specific categories of requested documents to review, the Court cannot find, in general, that all of Dr. Singh's records are non-privileged simply because Plaintiff testified that he does not participate in psychotherapy. Under Jaffee, communications between Plaintiff and Dr. Singh made in the course of Plaintiff's treatment are privileged. 116 S.Ct. at 1931. Therefore, Defendant cannot prevail on this argument under these circumstances.

The Supreme Court did not set the parameters of a waiver of the psychotherapist-patient privilege in Jaffee, but the Court specifically recognized that the privilege could be waived. 116 S.Ct. at 1931, n.14. Most courts agree that a plaintiff waives his right to assert a psychotherapist-patient privilege when he puts his mental state "in controversy." Stevenson, 201 F.R.D. at 556. Courts, however, disagree as to when that occurs. Id. Courts have denoted the division in thought regarding the placing of mental health "in controversy" as the broad approach and the narrow approach. Santelli v. Electro-Motive, 188 F.R.D. 306, 308 (N.D. Ill. 1999). The broad approach, generally, finds that

3

a plaintiff places his mental status "in controversy" simply by requesting damages for emotional distress. Id. (citing Sidor v. Reno, No. 95 Civ. 9588, 1998 WL 164823[,] at *1 (S.D.N.Y. April 7, 1998); Lanning v. Southeastern Pennsylvannia Transportation Authority, Nos. 97-593 & 97-1161, 1997 WL 597905, at *6 (E.D. Pa. Sept. 17, 1997)). The narrow approach, generally, finds that a plaintiff has to affirmatively use his psychiatric records in his case before his mental health is "in controversy." Santelli, 188 F.R.D. at 308 (citing Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229 (D. Mass. 1997)).

At least one district court in the Eleventh Circuit has found the waiver analysis to be similar to the analysis conducted when a party requests a mental examination pursuant to Rule 35(a). Stevenson, 201 F.R.D. at 557 (citing Jackson v. Chubb Corp., 193 F.R.D. 216 (D. N.J. 2000); Fritsch v. City of Chula Vista, 187 F.R.D. 614 (S.D. Cal. 1999)). The majority of cases addressing waiver have held that a plaintiff has to claim more than "garden variety" emotional distress in order to place his mental state in controversy and effectively waive the privilege. Stevenson, 201 F.R.D. at 557 (citing Ruhlmann v. Ulster County Dept. Social Servs., 194 F.R.D. 445, 449-51 (N.D. N.Y. 2000)); Bowen v. The Parking Authority of the City of Camden, 214 F.R.D. 188, 193 (D. N.J. 2003).

Accordingly, Defendant argues here that Plaintiff's claims are not in the nature of "garden variety" emotional distress. Although Plaintiff originally stated in his interrogatory responses that Dr. Singh changed his medication after his accident due to an exacerbation of Plaintiff's depression, Plaintiff subsequently testified that there was no change in his depression following his accident. Plaintiff, therefore, no longer plans to call Dr. Singh as a witness in this case and will not call any psychiatrist or a psychologist at trial. Plaintiff has agreed to limit his claims to "garden variety" emotional distress. See e.g. Santelli, 188 F.R.D. at 308 (finding plaintiff had not placed her mental

4

state in controversy when she agreed to limit the compensation she sought for "humiliation, embarrassment, and other similar emotions"). However, it is unclear from Plaintiff's response exactly what "garden variety" type of emotional distress damages associated with Plaintiff's physical injuries Plaintiff intends to pursue.

A garden variety claim for emotional distress damages should generally be limited to such emotions as personal humiliation and embarrassment rather than clinical diagnoses. Jackson, 193 F.R.D. at 217. 227. In the case of a personal injury claim, garden variety emotional distress damages may include the emotions associated with recovering from an injury. Houghton v. M & F Fishing, Inc., 198 F.R.D. 666, 669 (S.D. Cal. 2001)(finding a personal injury plaintiff had not placed his mental condition at issue for purposes of a Rule 35 examination by claiming garden variety emotional distress damages "such as that normally associated with or attendant to the suffering of or recovery from a physical injury"). When reviewing jury awards, courts have described garden variety mental distress claims as those that are supported only by the plaintiff's testimony, described in vague terms, supported by little or no medical testimony, and involve such emotions as humiliation, shame, shock and moodiness. See e.g. Shannon v. Fireman's Fund Insurance Co., 156 F. Supp. 2d 279, 297 (S.D. N.Y. 2001)(citing Fowler v. New York Transit Authority, 2001 WL 83228, at *13 (S.D. N.Y. Jan. 31, 2001)): Gatti v. Community Action Agency of Greene County, Inc., 263 F. Supp. 2d 496, 512 (N.D. N.Y. 2003).

On the memoranda submitted by Plaintiff, it is unclear that he is seeking to recover for humiliation, embarrassment, or stress. Nor is it clear what the source of such garden variety damage would be in this personal injury case.

5

Accordingly, upon consideration of the parties' briefs, the case law cited therein, and the Court's independent research, the Court Orders as follows:

(1) Plaintiff shall provide to Defendant within ten (10) days of the date of this Order a detailed statement identifying with specificity the exact "garden variety" emotional distress for which Plaintiff seeks damages and intends to present to a jury;

(2) Defendant's Motion for Order Compelling Plaintiff to Execute Authorization (Dkt. 38) is **DENIED WITHOUT PREJUDICE** so that Defendant may re-assert its Motion if, after reviewing Plaintiff's detailed statement, Defendant has a valid argument that Plaintiff's asserted emotional distress amounts to more than a claim for "garden variety" emotional distress as noted above. If not, Plaintiff will not be required to execute a release of his records of treatment with Dr. Singh.

**DONE AND ORDERED** in Tampa, Florida on this 14th day of June, 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record